# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  51620-9-II |
| Respondent, | |
| v. | |
| JONATHAN LEVI DUNN, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Jonathan Dunn appeals the sentencing court's imposition of a discretionary legal financial obligation (LFO).  The State concedes error.  We accept the State's concession and remand to the sentencing court to strike the jury demand fee.

## FACTS

In 2013, Dunn was convicted of two counts of possession of a controlled substance with intent to deliver with a firearm enhancement, two counts of possession of a controlled substance, one count of unlawful possession of marijuana, and one count of first degree unlawful possession of a firearm.  We granted Dunn's personal restraint petition in part in 2017 and remanded for resentencing.  As part of Dunn's sentence, the sentencing court imposed a jury demand fee, criminal filing fee, and DNA (deoxyribonucleic acid) collection fee.  The court entered an order of indigency for Dunn.  Dunn appealed the imposition of the jury demand fee.

## ANALYSIS

Dunn argues, and the State concedes, that the sentencing court erred by ordering Dunn, who is indigent, to pay the jury demand fee.  We accept the State's concession and remand to the sentencing court to strike the jury demand fee.

No. 51620-9-II

Engrossed Second Substitute House Bill (ESHB) 1783 modified Washington's system of LFOs and amended RCW 10.01.160(3) to prohibit trial courts from imposing discretionary LFOs on indigent defendants. LAWS OF 2018, ch. 269, § 6. ESHB 1783 also amended RCW 10.46.190 to prohibit trial courts from imposing the jury demand fee on indigent defendants. LAWS OF 2018, ch. 269, § 9; *see* RCW 10.46.190. The amendments to the LFO statutes apply prospectively to cases on direct appeal. *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018).

Here, the sentencing court entered an order of indigency for Dunn. Because the trial court is prohibited from imposing a jury demand fee on indigent defendants, the jury demand fee imposed on Dunn is no longer authorized. Thus, we remand to the sentencing court to strike the jury demand fee.[1]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J

We concur:

Maxa, C.J.

Sutton, J.

---

[1] The briefs in this case were filed before *Ramirez*, 191 Wn.2d at 732, was decided. In light of *Ramirez*, the sentencing court on remand should also determine whether it must strike the criminal filing fee and the DNA collection fee. *Ramirez*, 191 Wn.2d at 747, 748, 750.

2